Appeal No. 78-148. Rhode Island Defense Attorneys Association *v.* Rhode Island Bar Association. This is a Superior Court civil action in which the plaintiff seeks a judgment of mandamus. The trial justice, in granting the defendant's motion to dismiss, said her dismissal came after "an examination of the entire file" but specified that the dismissal was without prejudice. The plaintiff appealed the dismissal, and we issued a show cause order, directing the parties to appear before us during our May 1979 argument week and show cause why the case should not be remanded to the Superior Court with direction that the plaintiff be permitted to amend its complaint so that the ambiguities of the complaint could be resolved.

After consideration of the arguments which were made on May 7, 1979, we have some doubt in our minds as to whether the trial justice considered the dismissal motion as one brought pursuant to Super. R. Civ. P. 12(b)(6) because of a failure to state a claim upon which relief could be granted or, because of her reference to the "entire file," a Super. R. Civ. P. 54 motion for summary judgment. The dismissal-without-prejudice proviso, in our opinion, is a clear indication that the sole issue being resolved was the sufficiency of the plaintiff's complaint. Consequently, we shall deny the plaintiff's appeal as being premature and remand the case to the Superior Court with the direction that the plaintiff be permitted to amend its complaint so that it may conform to our observations made in *Sarni v. Meloccaro*, 113 R.I. 630, 636, 324 A.2d 648, 652 (1974), where we said that although a complaint may not state a claim for mandamus, it should be construed as an ordinary civil action in which equitable relief is being sought.

It is hereby ordered that the plaintiff's appeal be dismissed as premature and the case be remanded to the Superior Court for further proceedings in conformity with this order. *Aram K. Berberian*, for plaintiff. *Richard A. Licht*, for defendant.